**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

-vs-                                                                Case No.  6:07-cr-107-Orl-28GJK

**MARIA ADAMES**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION TO APPEAL IN FORMA PAUPERIS (Doc. No. 1470)** |
| **FILED:** | **April 25, 2013** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

On May 27, 2008, judgment was entered against Maria Adames (the "Defendant") as to count one of the indictment, conspiracy to possess with intent to distribute 5 kilograms or more of cocaine hydrochloride, and Defendant was sentenced to 134 months imprisonment.  Doc. No. 1119. Defendant appealed her conviction (Doc. No. 1126), and on January 19, 2010, the Eleventh Circuit Court of Appeals affirmed the judgment and sentence.  Doc. No. 1369.  Thereafter, in Case No. 6:10-cv-1066-Orl-28GJK, Defendant filed a motion to vacate, set aside, or correct the sentence (the "First Motion"), pursuant to 28 U.S.C. § 2255.  Doc. No. 1411.   On March 21, 2012, the Court entered an order denying Defendant's First Motion and dismissed the case with prejudice.  Doc. No. 1446.

On April 5, 2012, in Case No. 6:10-cv-1066-Orl-28GJK, Defendant appealed the Court's denial of the First Motion. Doc. No. 35 in 10-cv-1066. Defendant also sought leave to appeal in forma pauperis. Doc. No. 36 in 10-cv-1066. The Court denied Defendant's motion to appeal in forma pauperis, stating that any appeal "would not be taken in good faith because [Defendant] has failed to make a substantial showing of the deprivation of any federal constitutional right." Doc. No. 37 in 10-cv-1066. On August 27, 2012, the Eleventh Circuit Court of Appeals denied Defendant's motion for a certificate of appealability as to this Court's denial of the First Motion because Defendant failed to show that "reasonable jurists would find debatable (1) the merits of her underlying claim, and (2) the procedural issues that she seeks to raise." Doc. No. 38 in 10-cv-1066.

On January 22, 2013, in this case, Defendant filed a Motion to Reduce her sentence (the "Second Motion"). Doc. No. 1460. On February 27, 2013, the Court entered an order construing the Second Motion as a second or successive motion under Section 2225. Doc. No. 1466. The Court found that "[b]efore [Defendant] will be permitted to file a second or successive section 2255 motion in this Court, she must move in the Eleventh Circuit Court of Appeals for an order authorizing the district court to consider the motion." Doc. No. 1466 at 2 (citing 28 U.S.C. §§ 2244, 2255). Thus, the Court denied the Second Motion without prejudice. Doc. No. 1466 at 3.

On March 25, 2013, Defendant filed a notice of appeal (Doc. No. 1468), a memorandum in support of her appeal (Doc. No. 1469), and a motion to appeal in forma pauperis (the "Motion") (Doc. No. 1470. In the memorandum, Defendant generally contends that the United States Supreme Court's decisions in *Lafler v. Cooper*, 132 S.Ct. 1376 (2012) and *Missouri v. Frye*, 132 S.Ct. 1399 (2012) created a newly recognized and retroactive Sixth Amendment right, which is applicable to cases on

collateral review. Doc. No. 1469 at 2-7. However, "the Eleventh Circuit has held that neither *Lafler* nor *Frye* announced a newly recognized right that was made retroactively applicable to cases on collateral review." Doc. No. 1466 at 2 (citing *In re Perez*, 682 F.3d 930, 932 (11th Cir. 2012)). Therefore, Defendant's appeal of the Court's denial fo the Second Motion would not be taken in good faith because Defendant has failed to make a substantial showing of the deprivation of any federal constitutional right. *See* 28 U.S.C. § 1915(a)(3).

Based on foregoing, it is **RECOMMENDED** that:

1. The Motion (Doc. No. 1470) be **DENIED**;

2. The Court certify that the appeal is not taken in good faith; and

3. The Court direct Defendant to pay the appellate filing fee.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Orlando, Florida on this April 4, 2013.

                                                                                              _____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Parties
Courtroom Deputy